*R. Terry,* contra.

---

## 9878. MERIT MANUFACTURING COMPANY *v.* WHITELEY.

Where goods are purchased under an implied warranty that they are reasonably suited to the uses intended, and are accepted by the purchaser, he will be precluded from pleading, in an action for the purchase-price, a partial failure of consideration, growing out of a patent defect in the goods, or a latent defect which, by the exercise of ordinary care and prudence, might have been discovered before the sale.

DECIDED OCTOBER 15, 1918.

Complaint; from Glascock superior court—Judge Walker. May 20, 1918.

*M. L. Gross,* for plaintiff in error.

*E. P. Davis, E. B. Rogers,* contra.

LUKE, J. Merit Manufacturing Company brought suit against M. S. Whiteley upon an open account, for $124.50, alleged to be the balance due upon a bill of merchandise. The evidence shows that the plaintiff sold to the defendant $599.50 worth of merchandise, which was originally shipped to the defendant, "order notify," with draft and bill of lading attached. Upon the arrival of the goods the defendant refused to pay the draft and receive the shipment, without first being given an opportunity to inspect the entire shipment. He proposed that if the plaintiff would allow him to inspect the goods, he would accept such of them as suited him, and forward a check to cover the purchase-price of all goods accepted, and return such goods as were not satisfactory to him. The

plaintiff accepted the proposition and authorized the bank to turn over the bill of lading to the defendant. The defendant received possession of the goods according to his proposition and, immediately on inspection, discovered that certain suits, 63 in number, contained no vests. The evidence shows that notwithstanding the defendant had discovered this and agreed to pay for such as were satisfactory to him and return such as were not satisfactory to him, he took out the entire shipment, placed the goods in his store, and sold all of the two-piece suits, and did not return or offer to return any of the suits. In installments he paid all of the invoice price of the goods except $124.50. He pleaded that because of the shortage the plaintiff became indebted to him the value of the vests. The jury returned a verdict in favor of the plaintiff for $30 principal and interest, which was only a part of the amount justly due the plaintiff. A motion for a new trial was overruled by the court, and on the judgment overruling the motion error is assigned.

Upon this record a finding for the full amount sued for was demanded by the evidence, and it was error for the court to overrule the motion for a new trial. See *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95), and cases cited.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*